*Lance Cutchember v. State of Maryland*, No. 1474, September Term 2023. Opinion by Woodward, J.

**CRIMINAL LAW – CRIMINAL PROCEDURE ARTICLE ("CP") § 1-211 – PROHIBITION AGAINST SEARCHES BASED SOLELY ON ODOR OF BURNT OR UNBURNT CANNABIS – REMEDY OF EXCLUSION OF EVIDENCE DOES NOT APPLY TO SEARCHES OCCURING PRIOR TO EFFECTIVE DATE OF CP § 1-211, JULY 1, 2023**

On January 6, 2023, the police conducted a traffic stop of a motor vehicle driven by Lance Cutchember, appellant. Based only on an odor of cannabis coming from appellant's vehicle, the police searched the vehicle and recovered cannabis, N,N-Dimethylpentylone ("MDMA"), a Schedule I Controlled Dangerous Substance, and a digital scale with MDMA residue. Appellant was arrested and charged with possession of MDMA and a digital scale with MDMA residue. On August 23, 2023, the circuit court held a hearing on appellant's motion to suppress the evidence recovered by the police from his vehicle, and denied the same. On September 28, 2023, appellant entered a conditional guilty plea to possession of MDMA.

Between the search of appellant's vehicle on January 6, 2023, and the suppression hearing on August 23, 2023, CP § 1-211 became effective on July 1, 2023. CP § 1-211 provides, in relevant part, that under subsection (a) a law enforcement officer may not search a motor vehicle based solely on the odor of burnt or unburnt cannabis, and under subsection (c) evidence discovered or obtained "in violation of this section" is not admissible in a trial, a hearing, or any other proceeding. At the suppression hearing, appellant argued that CP § 1-211 should be applied retroactively to the search of his vehicle, and thus the evidence recovered by the police should be suppressed. The trial court disagreed, determining that CP § 1-211 was not retroactive and that at the time of the stop, January 6, 2023, the odor of cannabis gave the police probable cause to search appellant's vehicle. Appellant noted a timely appeal from the sentence imposed on his conditional guilty plea.

During the pendency of the instant appeal, this Court issued its opinion in *Kelly v. State*, 262 Md. App. 295 (2024). In *Kelly*, we held that CP § 1-211 was "intended to apply prospectively from its effective date of July 1, 2023." Id. at 311. However, in *Kelly*, the search, suppression hearing, conviction, and sentencing all occurred before the statute's effective date of July 1, 2023. Therefore, the Appellate Court asked the parties to submit supplemental briefing on the following question:

> In a case where the search occurred prior to July 1, 2023, but the trial or hearing at which the evidence was sought to be admitted or excluded occurred after July 1, 2023, which event should the Court view as establishing the operative date in determining whether CP § 1-211 applies?

**Held:** Affirmed. The Appellate Court held that the operative date for determining the applicability of CP § 1-211 is the date of the search.

The Appellate Court addressed appellant's contention that the procedural posture of *Kelly* was central to the Court's decision and that the "critical difference" between the procedural posture of *Kelly* and the instant appeal warranted a different result. The Appellate Court disagreed, stating that the difference in the procedural posture between *Kelly* and the instant case was "a distinction without a difference." First, the Appellate Court noted the *Kelly* Court's reliance on *Street v. Commonwealth*, 876 S.E.2d 202 (Va. Ct. App. 2022). In *Street*, the Virginia Court of Appeals interpreted a statute virtually identical to CP § 1-211. More importantly, the procedural posture of *Street* was exactly the same as that of the instant appeal. Second, although the *Kelly* Court referred to the procedural posture of that case when it articulated the issue and its holding, the rationale behind *Kelly's* holding focused, not on the procedural posture, but on the language of CP § 1-211. According to the Appellate Court, the language of CP § 1-211(c) limited the availability of the "remedy of exclusion" to evidence discovered "*in violation of the* 'right' established by the statute." *Kelly*, 262 Md. App. at 307, 308 (emphasis added). The Appellate Court concluded that the date of the search is the key event in determining whether the right created by CP § 1-211(a) in fact existed and thus whether a violation of that right had occurred under CP § 1-211(c).

The Appellate Court also rejected appellant's contention that the language of CP § 1-211 did not reflect an intent by the legislature for the statute to apply only to cases where the search occurred after the effective date of July 1, 2023. The Appellate Court pointed to the *Kelly* Court's determination that CP § 1-211 indicated a "clear" intent on the part of the General Assembly that the statute should be applied prospectively. *Id.* at 308-309. The *Kelly* Court explained that CP § 1-211(a) created the "right" at issue, i.e., the prohibition against searches of automobiles based solely on the odor of burnt or unburnt cannabis, because prior to the effective date of CP § 1-211, Maryland courts adhered to the general rule that the odor of cannabis is evidence of a crime and therefore justifies a warrantless search of an automobile. *Id.* Then, when CP § 1-211(c) expressly made the remedy of exclusion of evidence contingent upon a violation of that right created by the statute, the *Kelly* Court concluded that the General Assembly had sent a "clear message" that CP § 1-211 "was not merely procedural or remedial, but rather was a substantive change to existing rights[.]" *Id.* at 309.

The Appellate Court concluded that CP § 1-211(a) created a statutory right not heretofore recognized in Maryland law, to wit, a prohibition against searches of motor vehicles based solely on the odor of cannabis. CP § 1-211(c) provided a remedy of exclusion of evidence expressly contingent upon a violation of the right created by the statute. Because a search cannot violate a nonexistent statutory right, the exclusionary remedy of CP § 1-211(c) cannot apply to a search that took place before the statute's effective date of July 1, 2023.

Circuit Court for St. Mary's County
Case No.: C-18-CR-23-000138

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1474

September Term, 2023
_____

LANCE CUTCHEMBER

v.

STATE OF MARYLAND
_____

Graeff,
Albright,
Woodward, Patrick L.
  (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Woodward, J.
_____

Filed: June 2, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

On January 6, 2023, Deputy Joseph Senatore of the St. Mary's County Sheriff's Office conducted a traffic stop of a vehicle driven by Lance Cutchember, appellant. Upon detecting an odor of cannabis[1] coming from appellant's vehicle, Deputy Senatore searched the vehicle, recovered cannabis and N,N-Dimethylpentylone ("MDMA"), a Schedule I Controlled Dangerous Substance, and arrested appellant. Effective July 1, 2023, the Maryland General Assembly enacted a new section of the Criminal Procedure Article, Section 1-211, which provides, among other things, that (1) a law enforcement officer may not search a motor vehicle based solely on "the odor of burnt or unburnt cannabis," and (2) evidence discovered or obtained "in violation" of this section is not admissible in a trial, a hearing, or any other proceeding. Md. Code Ann., Crim. Pro. ("CP") § 1-211(a) & (c).

On August 23, 2023, the Circuit Court for St. Mary's County held a hearing on appellant's motion to suppress the controlled dangerous substances seized by Deputy Senatore on January 6, 2023, and denied the motion. On September 28, 2023, appellant entered a conditional plea of guilty to possession of MDMA, and was sentenced to one year of incarceration, with all but ninety days suspended, and three years of probation.

Upon appeal, appellant presents two questions for our review:

1. Should the Circuit Court for St. Mary's County have granted [a]ppellant's motion to suppress?

2. Is Criminal Procedure Article, 1-211(c), Md Ann. Code retroactive?

During the briefing period in the instant appeal, this Court answered appellant's second question in the negative in *Kelly v. State*, 262 Md. App. 295 (2024). In *Kelly*, we

---

[1] As of June 2022, Maryland statutes have replaced the term "marijuana" with "cannabis."

held that CP § 1-211 was "intended to apply prospectively from its effective date of July 1, 2023." *Id.* at 311. However, in *Kelly*, the search, suppression hearing, conviction, and sentencing all occurred before the statute's effective date of July 1, 2023. Therefore, this Court asked the parties to submit supplemental briefing on the following question:

> In a case where the search occurred prior to July 1, 2023, but the trial or hearing at which the evidence was sought to be admitted or excluded occurred after July 1, 2023, which event should the Court view as establishing the operative date in determining whether CP § 1-211 applies?

For the reasons set forth herein, this Court holds that the operative date for determining the applicability of CP § 1-211 is the date of the search.

## BACKGROUND

On January 6, 2023, Deputy Senatore stopped a vehicle driven by appellant for failing to come to a complete stop at a flashing red light. During the traffic stop, Deputy Senatore recognized the odor of cannabis coming from appellant's vehicle. Based only on the odor of cannabis, Deputy Senatore searched the vehicle and recovered cannabis, MDMA, and a digital scale with MDMA residue. Appellant was arrested and charged with possession of MDMA and possession of a digital scale with MDMA residue used to prepare MDMA. On April 4, 2023, appellant filed a motion to suppress the illegal drugs and drug paraphernalia seized during the search.

The motion to suppress hearing took place on August 23, 2023. At the hearing, appellant argued that the evidence should be suppressed based on the newly enacted CP § 1-211. Section 1-211 states, in its entirety:

**Initiation of a stop or search**

(a) A law enforcement officer may not initiate a stop or a search of a person, a motor vehicle, or a vessel based solely on one or more of the following:

    (1) the odor of burnt or unburnt cannabis;

    (2) the possession or suspicion of possession of cannabis that does not exceed the personal use amount, as defined under § 5-601 of the Criminal Law Article; or

    (3) the presence of cash or currency in proximity to cannabis without other indicia of an intent to distribute.

**Areas that may be searched**

(b) If a law enforcement officer is investigating a person solely for driving or attempting to drive a motor vehicle or vessel while impaired by or under the influence of cannabis in violation of § 21-902 of the Transportation Article or § 8-738 of the Natural Resources Article, the law enforcement officer may not conduct a search of an area of a motor vehicle or vessel that is not:

    (1) readily accessible to the driver or operator of the motor vehicle or vessel; or

    (2) reasonably likely to contain evidence relevant to the condition of the driver or operator of the motor vehicle or vessel.

**Admissibility of evidence**

(c) Evidence discovered or obtained in violation of this section, including evidence discovered or obtained with consent, is not admissible in a trial, a hearing, or any other proceeding.

The statute was effective on July 1, 2023, after the search of appellant's vehicle in January 2023, but before the suppression hearing in August 2023. Appellant argued that the statute should be applied retroactively because it was a procedural change to the law. The trial court disagreed and denied the motion. The court determined that CP § 1-211 was not retroactive and that at the time of the stop, January 6, 2023, the odor of cannabis gave the deputy probable cause to search appellant's vehicle. On September 28, 2023, appellant

3

entered a conditional guilty plea to possession of MDMA, pursuant to Maryland Rule 4-242(d)(2). This timely appeal followed.

<u>**STANDARD OF REVIEW**</u>

We review de novo questions of statutory interpretation. *Kelly*, 262 Md. App. at 302. When interpreting a statute we begin with the language of the statute. *Seal v. State*, 447 Md. 64, 70 (2016). "If the language is clear and unambiguous on its face, that is the end of our inquiry. If, however, the language is ambiguous, we move on to examine case law, the structure of the statute, statutory purpose, and legislative history to aid us in ascertaining the intent of the General Assembly." *Seal*, 447 Md. at 70 (citation omitted).

<u>**DISCUSSION**</u>

**I.    The *Kelly* Case**

In *Kelly* this Court provided a detailed overview of the history of cannabis law and its decriminalization in Maryland:

> In 2014, the Maryland General Assembly enacted a law making the possession of less than ten grams of cannabis a civil offense. *Lewis v. State*, 470 Md. 1, 9 (2020). Despite that change, the Supreme Court of Maryland consistently held that the odor of cannabis remained evidence of a crime and permitted a warrantless search of a vehicle. *E.g.*, *In re D.D.*, 479 Md. 206 (2022); *Pacheco v. State*, 465 Md. 311 (2019); *Robinson v. State*, 451 Md. 94 (2017).
>
> In 2022, Maryland voters approved of a constitutional amendment that permitted, as of July 1, 2023, the use and possession of cannabis by an individual in the State who is at least twenty-one years old. Md. Const., art. XX, § 1 (effective December 14, 2022). That same year, the General Assembly overhauled Maryland's cannabis laws in light of the new constitutional amendment. 2022 Md. Laws, ch. 26. Under the new laws, the use and possession of a certain quantity of cannabis (the "personal use amount") would be legal for individuals who were at least twenty-one years old. *Id.* Possession of more than the personal use amount but less than a

4

certain quantity (the "civil use amount") would be a civil offense and result in a fine. *Id.* Possession of more than the civil use amount was a crime punishable by imprisonment and/or a fine. *Id.* Those changes were to take effect on July 1, 2023. *Id.*

The following year, during the 2023 legislative session, the General Assembly enacted CP § 1-211, which, as noted, also became effective July 1, 2023. Acts of 2023, ch. 802, § 2. **That law states, in pertinent part, that "[a] law enforcement officer may not initiate a stop or a search of a person, a motor vehicle, or a vessel based solely on . . . the odor of burnt or unburnt cannabis[.]"** CP § 1-211(a)(1).[] **The law states further that "[e]vidence discovered or obtained in violation of this section, including evidence discovered or obtained with consent, is not admissible in a trial, a hearing, or any other proceeding."** CP § 1-211(c).

*Kelly*, 262 Md. App. at 304-05 (emphasis added) (cleaned up).

The facts in *Kelly* centered on a traffic stop conducted by the police in 2021. *Id.* at 300. During the stop, the police recognized the odor of cannabis coming from Mr. Kelly's car. *Id.* at 299. The police conducted a search of the car based solely on the smell of cannabis and found evidence of narcotics and drug distribution. *Id.* Mr. Kelly entered a conditional guilty plea and appealed. *Id.* While his appeal was still pending, CP § 1-211 became effective. *Id.* The issue facing us was whether CP § 1-211 applied retroactively to cases pending on appeal where the search, suppression hearing, conviction, and sentencing had occurred prior to the statute's effective date.

This Court first undertook a comprehensive explanation of the principles of retroactivity:

"Retrospective statutes are those acts which operate on transactions which have occurred or rights and obligations which existed before passage of the act." *United Ins. Co. of Am. v. Md. Ins. Admin.*, 450 Md. 1, 27 (2016). **"The question whether a statute operates retrospectively, or prospectively only, ordinarily is one of legislative intent."** *State v. Smith*, 443 Md. 572, 588 (2015). **"In determining this intent, [s]tatutes are presumed to**

**operate prospectively; consequently, absent manifest legislative intent to the contrary, statutes may not be given retrospective or retroactive application.** *Graves v. State*, 215 Md. App. 339, 350 (2013).

**There are, however, exceptions to the presumption that statutes are to be applied prospectively. First, "a statute effecting a change in procedure only, and not in substantive rights, ordinarily applies to all actions whether accrued, pending or future, unless a contrary intention is expressed."** *Id.* Second, a statute that has a remedial effect, and does not impair vested rights, can be applied retroactively. *Id.* at 351.

Regarding the first exception, the Supreme Court of Maryland has explained that "a law is substantive if it creates rights, duties and obligations, and procedural if it simply prescribes the methods of enforcement of those rights." *Smith*, 443 Md. at 590. In other words, a statute is procedural if the effect of the statute "is not to impair existing substantive rights, but only to alter the procedural machinery involved in the enforcement of those rights, or the remedies available to enforce them." *Est. of Zimmerman v. Blatter*, 458 Md. 698, 729 (2018).

**Similarly, a statute is remedial, and thus falls within the second exception, if it "provide[s] a remedy, or improve[s] or facilitate[s] remedies already existing for the enforcement of rights and the redress of injuries."** *Smith*, 443 Md. at 592. A statute may also be remedial if it is "designed to correct existing law" or if it is "intended for the correction of defects, mistakes[,] and omissions in the civil institutions and the administration of the [S]tate." *Est. of Zimmerman*, 458 Md. at 729-30.

**The majority opinion in *In re M.P.*, 487 Md. 53, 86 (2024), described another "exception" to the general rule of prospectivity – the rule that absent a contrary legislative intent, a statute that affects a matter still in litigation will be applied by a reviewing court even though the statute was not law when the lower court decision was handed down.**[]

**An important caveat to each of these exceptions is that they cannot be applied if the General Assembly expresses a contrary intent.** *See id.* (matter still in litigation); *Smith*, 443 Md. at 589 (procedure); and *Landsman v. Md. Home Improvement Comm'n*, 154 Md. App. 241, 251 (2003) (remedy).

*Id.* at 303-04 (emphasis added) (cleaned up).

When construing a statute to determine the legislative intent, we said that a court

6

begins with "the language of the statute itself." *Id*. at 302 (citation omitted). "If the language of the statute is unambiguous and clearly consistent with the statute's apparent purpose," the inquiry stops, and the statute is applied as written. *Id.* When analyzing the plain language of CP § 1-211, this Court determined:

> CP § 1-211 has two relevant prongs: a "right" prong, namely, that a law enforcement officer may not initiate a search of a vehicle based solely on the odor of burnt or unburnt cannabis; and a "remedy" prong, namely, that "[e]vidence discovered or obtained *in violation of this section*" is inadmissible. CP § 1-211(a), (c) (emphasis added). **By structuring the statute in such a manner, the Maryland General Assembly clearly indicated that, for a defendant to avail himself of the "remedy" of exclusion, the evidence at issue must have been discovered in violation of the "right" established by the statute. Clearly, that "right" did not exist before the statute became effective.**
>
> \*\*\*
>
> Importantly, because the exclusionary remedy provided by CP § 1-211 was made contingent upon a violation of the right created by the statute, the General Assembly sent a clear message that the statute was not merely procedural or remedial, but rather was a substantive change to existing rights, as well as the duties and obligations of law enforcement officers. **Consequently, CP § 1-211 cannot, and should not, be applied retroactively to the search at issue in the instant case.**

*Id*. at 308-09 (emphasis added).

Although the statute was clear and unambiguous as to the legislative intent, the *Kelly* Court did address the relevant legislative history of the statute. *Id.* at 311. Our reading of the legislative history revealed that the "right" prong of the statute, CP § 1-211(a), was intended, at least in part, "to address racial disparities arising from stops and seizures based on the odor of cannabis[.]" *Id.* But we discerned that the "remedy" prong, i.e., the exclusionary rule found in CP § 1-211(c), "was intended to deter law enforcement officers

7

from violating the 'rights' portion of the enactment." *Id.* We therefore concluded that "[t]he very notion of determent of future misconduct is not served by retroactive application of an exclusionary rule." *Id.*

## II. Analysis

### A.

Appellant argues that "the procedural posture of *Kelly* was central to the Court's decision," and that a "critical difference" existed between the procedural posture of *Kelly* and the instant case. Specifically, according to appellant, the search, conviction, and sentencing in *Kelly* all occurred prior to the effective date of CP § 1-211, while in the instant case the search took place prior to the effective date of the statute, and the suppression hearing, conviction, and sentencing occurred after the effective date. Appellant points to language in *Kelly* that articulated the issue and holding as applying to a search, conviction, and sentencing all occurring prior to the statute's effective date. *See Kelly*, 262 Md. App. at 302, 311.

In our view, the difference in the procedural posture between *Kelly* and the instant case is, as argued by the State, "a distinction without a difference." First, appellant overlooks our reliance in *Kelly* on *Street v. Commonwealth*, 876 S.E.2d 202 (Va. Ct. App. 2022). In *Street*, on November 15, 2019, Mr. Street was stopped by the police while driving a sport utility vehicle because its registration had expired. *Id.* at 205. Upon noticing an odor of marijuana coming from the vehicle, the police conducted a search of the vehicle and found a revolver. *Id.* Mr. Street was indicted in 2020 for possession of a firearm after

8

conviction of a nonviolent felony. *Id.* On July 1, 2021, a new statute took effect that rendered a search of a vehicle due solely to the odor of marijuana unlawful.[2] *Id.* In August of 2021, Mr. Street filed a pretrial motion to suppress, arguing that the new statute should be applied retroactively to exclude the firearm from evidence at his trial. *Id.* The trial court denied the motion, and the Court of Appeals of Virginia affirmed. *Id.* at 205, 209. Thus the procedural posture of *Street* is exactly the same as that of the instant case.

Second, in *Street* the Court of Appeals of Virginia focused on the language of the new statute that provided a "right" prong, which gave individuals a new right to be free from searches based solely on the odor of marijuana, and a "remedy" prong, which granted "the remedy of exclusion of evidence *for a violation of that specific new right*." *Id.* at 207 (emphasis added). The Virginia Court reasoned that, because the "right" did not exist prior to the effective date of the new statute, the 2019 search could not violate a nonexistent statute, and thus the 2021 "remedy" provision did not apply. *Id.* The Virginia Court concluded that the "plain reading of the statute supports application of the general rule that it does not apply retroactively." *Id.* (footnote omitted).

Noting the similarity of the statute at issue in *Street* and CP § 1-211, this Court in

---

[2] Virginia Code Ann. § 4.1-1302(A), which became effective on July 1, 2021, provides as follows:

> No law-enforcement officer . . . may lawfully stop, search, or seize any person, place, or thing and no search warrant may be issued solely on the basis of the odor of marijuana[,] and no evidence discovered or obtained pursuant to a violation of this subsection . . . shall be admissible in any trial, hearing, or other proceeding.

*Street*, 876 S.E.2d at 205.

*Kelly* adopted the analytical framework of *Street* by stating that CP § 1-211(a) provided "a 'right' prong, namely, that a law enforcement officer may not initiate a search of a vehicle based solely on the odor of burnt or unburnt cannabis," and that CP § 1-211(c) provided "a 'remedy' prong, namely, that '[e]vidence discovered or obtained in violation of this section' is inadmissible." *Kelly*, 262 Md. App. at 309 (emphasis removed). When we articulated the issue and holding in *Kelly*, we noted the procedural posture of the case, namely that the search, suppression hearing, conviction, and sentencing all occurred before the effective date of CP § 1-211. *Id.* at 302, 311. Yet, the rationale of our holding focused on the language of the statute that limited the availability of the "remedy of exclusion" to evidence discovered "*in violation of* the 'right' established by the statute. Clearly, that 'right' did not exist before the statute became effective." *Id.* at 308 (emphasis added). Because the "right" in *Kelly* and the instant case is the right to be free of a search by a law enforcement officer based solely on the odor of burnt or unburnt cannabis, it logically follows that the date of the search is the key event in determining whether the right created by the statute in fact existed and thus whether a violation of that right had occurred. Therefore, because the search in the instant case occurred before the effective date of CP § 1-211, the remedy of "exclusion" under CP § 1-211(c) does not apply.

Nevertheless, appellant asserts that *Waker v. State*, 431 Md. 1 (2013), and not *Kelly* dictates the outcome of the instant appeal. In particular, appellant points to the similarity in the procedural posture of *Waker* and the instant case, in that in *Waker*, the new theft statute took effect after Mr. Waker was arrested and charged but before his conviction and sentence, and here CP § 1-211 became effective after the search of appellant's vehicle, but

10

before the suppression hearing, conviction, and sentencing. According to appellant, our Supreme Court held in *Waker* that the new statute, which lowered the maximum period of incarceration for Mr. Waker's crime, was applicable to his sentence. Appellant also argues that this Court declared *Waker* "inapposite" in *Kelly* because CP § 1-211 took effect "after the search, conviction, and sentencing." We are not persuaded.

In *Kelly*, this Court held that *Waker* did not apply because

> we are not concerned with the propriety of a sentence that was rendered in violation of a statute that went into effect before the defendant was actually tried and sentenced. Rather, we are tasked with deciding whether a defendant should receive the benefit of a substantive (not procedural) change in the law affecting searches which did not go into effect until after the search, conviction, and sentencing, where there was nothing illegal about the search when it was conducted and where the language of the newly-created law indicates that it is to be applied prospectively. As such, *Waker* is simply inapposite.

*Kelly*, 262 Md. App. at 310 (emphasis removed).

Although we did state that CP § 1-211 did not go into effect until after the search, conviction, and sentencing, our rationale focused on a search that was legal when it was conducted and on the language of CP § 1-211 that indicated a legislative intent to apply such statute prospectively. *See id.* Again, the difference in the procedural posture between *Kelly* and the instant case is not a relevant factor in our determination that *Kelly's* holding controls the outcome of this case.[3]

---

[3] Appellant also compares his case to *State v. Smith*, 443 Md. 572 (2015). In *Smith*, a new criminal procedure statute became effective while Ms. Smith's coram nobis petition was pending. The Maryland Supreme Court applied the statute retroactively. According to appellant, "[t]he *Smith* Court concluded that the defendant got the benefit of the new statute 'by application of the second principle outlined in *Pautsch*' [*v. Real Estate Comm.*, 423 Md. 229, 263 (2011)]: 'a statute governing procedure or remedy will be applied to cases

**B.**

Appellant also contends that the language of CP § 1-211(c) does not reflect an intent by the legislature for the statute to apply only to cases where the search occurred after the effective date of July 1, 2023. Specifically, appellant argues that the statute's language "obtained in violation of this section" is not "evidence of legislative intent that the general principle of applying a change in the law to all cases still pending on direct appeal should not apply here." In support, appellant points to the retroactivity analysis in *Thompson v. State*, 411 Md. 664 (2009), where our Supreme Court held that the revisions to CP § 8-201, which provided broader appeal rights and more liberal standards in granting new trials,

pending in court when the statute becomes effective.'"

> *Pautsch* outlined four principles for determining retroactivity:
>
> > (1) statutes are presumed to operate prospectively unless a contrary intent appears; (2) a statute governing procedure or remedy will be applied to cases pending in court when the statute becomes effective; (3) a statute will be given retroactive effect if that is the legislative intent; but (4) even if intended to apply retroactively, a statute will not be given that effect if it would impair vested rights, deny due process, or violate the prohibition against *ex post facto* laws.
>
> 423 Md. at 263 (citation omitted).
>
> The principles set out in *Pautsch* are part of a two-part test. *Id.* The first step determines if the legislature intended for the statute to be retroactive, which involves the first and third principles. *Id.* "If we conclude that the Legislature *did* intend for the statute to have a retroactive effect, we must then examine whether such effect would contravene some Constitutional right or prohibition. That implicates the second and fourth principles." *Id.* at 263-64. The *Kelly* Court held that the legislature did not intend for CP § 1-211(c) to apply retroactively. *Kelly*, 262 Md. App. at 310. Therefore, the second principle of *Pautsch* relied upon by appellant simply does not apply.

12

were remedial in nature and thus retroactive, and that the trial court's denial of a motion for new trial was "'an order entered under' those standards." Appellant concludes that "[j]ust like the words 'from an order under this section' did not amount to evidence of intent contrary to retroactivity in *Thompson*, the words 'obtained in violation of this section' should not provide contrary intent here."

Similar to *Waker*, *Thompson* is not comparable to the instant case. *Thompson* involved remedial revisions to a procedural statute. 411 Md. at 679-80. Here, as in *Kelly*, CP § 1-211 is "a substantive (not procedural) change in the law affecting searches[.]" *Kelly*, 262 Md. App. at 310. Moreover, in *Kelly* we emphasized that any exception to the presumption that statutes are to be applied prospectively "cannot be applied if the General Assembly expresses a contrary intent." *Id.* at 304. We then determined that the language of CP § 1-211 indicated a "clear" intent on the part of the General Assembly that the statute should be applied prospectively. *Id.* at 308-309. We explained that CP § 1-211(a) created the "right" at issue, i.e., the prohibition against searches of automobiles based solely on the odor of burnt or unburnt cannabis, because prior to the effective date of CP § 1-211, Maryland courts adhered to the general rule that the odor of cannabis is evidence of a crime and therefore justifies a warrantless search of an automobile. *Id.* Then, when CP § 1-211(c) expressly made the remedy of exclusion of evidence contingent upon a violation of that right created by the statute, we concluded that the General Assembly had sent a "clear message" that CP § 1-211 "was not merely procedural or remedial, but rather was a substantive change to existing rights," and thus could not be applied retroactively. *Id.* at 309.

The Court of Appeals of Virginia also construed Virginia's statute in *Street*,[4] to be "clear and unambiguous." 876 S.E.2d at 207. The Virginia Court reasoned, as we did in *Kelly*, that (1) "the exclusionary 'remedy' prong of the statute is expressly contingent upon discovery of the evidence pursuant to a violation of the 'right' prong of this subsection," and (2) the "right" prong "did not exist prior to the effective date of the [] statute." *Id.* (cleaned up). Because the search in *Street* could not violate a nonexistent statute, the Virginia Court concluded that the "remedy" provision did not apply to that search. *Id.*

The Virginia Court, however, went on to observe that

> [i]f the legislature had wanted the remedy to apply retroactively, it could have said so explicitly or provided more generally that exclusion was required for "evidence obtained *in such a manner*" (based on odor). Instead, it provided that the remedy applies only with regard to evidence obtained specifically "*pursuant to a violation of this subsection.*"

*Id.*

In construing a virtually identical predecessor statute[5] in *Montgomery v.*

---

[4] *See supra* note 2.

[5] On November 9, 2020, the Virginia General Assembly amended Va. Code Ann. § 18.2-250.1 by adding subsection F, effective March 1, 2021, which reads as follows:

> No law-enforcement officer, as defined in § 9.1-101, may lawfully stop, search, or seize any person, place, or thing solely on the basis of the odor of marijuana and no evidence discovered or obtained pursuant to a violation of this subsection, including evidence discovered or obtained with the person's consent, shall be admissible in any trial, hearing, or other proceeding.

*Montgomery v. Commonwealth*, 875 S.E.2d 101, 104 (Va. Ct. App. 2022).

Virginia Code Ann. § 18.2-250.1 was repealed by the General Assembly and replaced by Va. Code Ann. § 4.1-1302(A), which became effective on July 1, 2021. *Street*, 876 S.E.2d

14

*Commonwealth*, 875 S.E.2d 101 (Va. Ct. App. 2022), the Court of Appeals of Virginia made a similar observation:

> The General Assembly plainly expressed its intent that the exclusionary remedy would be triggered only by a "violation" of the new ban on plain-smell searches.

> Had the General Assembly intended otherwise, it could easily have said so. For example, the General Assembly simply could have passed a statute that only said, "any evidence obtained based solely on the odor of marijuana shall be inadmissible in any trial, hearing, or other proceeding." Alternatively, they could have said, "any evidence so obtained shall be inadmissible at any trial, hearing, or other proceeding." **The point is that the scope of the application of any statute is framed by the specific words chosen by the legislature**, subject only to constitutional limitations which no one is suggesting are implicated here.

*Id.* at 108 (emphasis added).

In conclusion, this Court determined in *Kelly* that the language of CP § 1-211 is "clear." 262 Md. App. at 308-09. The Court of Appeals of Virginia came to the same conclusion in *Street* and *Montgomery* when construing statutes virtually identical to CP § 1-211. *See Street*, 876 S.E.2d at 307-08; *Montgomery*, 875 S.E.2d at 108-09. We see no reason to deviate from or modify that determination in the instant case. CP § 1-211 is "not merely procedural or remedial, but rather a substantive change to existing rights" and thus cannot be applied retroactively. *Kelly*, 262 Md. App. at 309. CP § 1-211(a) created a statutory right not heretofore recognized in Maryland law, to wit, a prohibition against searches of motor vehicles based solely on the odor of cannabis. CP § 1-211(c) provided a remedy of exclusion of evidence expressly contingent upon a violation of the right created

---

at 206, n.3. Thus Va. Code Ann. § 18.2-250.1(F) was effective only from March 1, 2021 to June 30, 2021. *Id.* at 205. *See supra* note 2.

by the statute. Because a search cannot violate a nonexistent statutory right, the exclusionary remedy of CP § 1-211(c) cannot apply to a search that took place before the statute's effective date of July 1, 2023. In the instant case, the search of appellant's vehicle took place on January 6, 2023. Accordingly, CP § 1-211(c) does not apply, and the trial court correctly denied appellant's motion to suppress.

**JUDGMENT OF THE CIRCUIT COURT FOR ST. MARY'S COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**